1   THOMAS E. FRANKOVICH (State Bar No. 074414)
    THOMAS E. FRANKOVICH,
2   A Professional Law Corporation
    2806 Van Ness Avenue
3   San Francisco, CA 94109
    Telephone:    415/674-8600
4   Facsimile:    415/674-9900

5   Attorneys for Plaintiffs
    CRAIG YATES
6   and DISABILITY RIGHTS,
    ENFORCEMENT, EDUCATION,
7   SERVICES: HELPING YOU
    HELP OTHERS

8

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12  | | |
    CRAIG YATES, an individual; and ) 
    DISABILITY RIGHTS, ENFORCEMENT, )
13  EDUCATION, SERVICES:HELPING YOU )
    HELP OTHERS, a California public benefit )
    corporation, )
14                                          )
              Plaintiffs,                   )
15                                          )
    v.                                      )
16                                          )
    LOTUS CUISINE OF INDIA; SURINDER )
17  P. SROA and LINDA M. SROA;      )
    NAVJOTS, a California corporation )
18                                          )
              Defendants.                   )
19  _____ )

**CASE NO.**
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access
by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
U.S.C. §12101, et seq.)

**2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, et seq.

**4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
§51, et seq. (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1  Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendants LOTUS

4  CUISINE OF INDIA; SURINDER P. SROA and LINDA M. SROA; NAVJOTS, a California

5  corporation dba LOTUS CUISINE OF INDIA and allege as follows:

6  **INTRODUCTION:**

7          1.      This is a civil rights action for discrimination against persons with physical

8  disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

9  members, for failure to remove architectural barriers structural in nature at defendants' LOTUS

10  CUISINE OF INDIA, a place of public accommodation, thereby discriminatorily denying

11  plaintiffs and the class of other similarly situated persons with physical disabilities access to, the

12  full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

13  services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to

14  the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.; California Civil Code

15  §§51, 51.5 and 54, et seq.; and California Health & Safety Code §19955, et seq.

16          2.      Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

17  April 16, 2006, September 27, 2006, October 10, 2006, March 22, 2007, May 26, 2007 and June

18  21, 2007, was an invitee, guest, patron, customer at defendants' LOTUS CUISINE OF INDIA, in

19  the City of San Rafael, California.  At said time and place, defendants failed to provide proper

20  legal access to the LOTUS CUISINE OF INDIA, which is a "public accommodation" and/or a

21  "public facility" including, but not limited to entrance, dining area, food counter and unisex

22  restroom.  The denial of access was in violation of both federal and California legal

23  requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal

24  access, and was embarrassed and humiliated.

25  **JURISDICTION AND VENUE:**

26          3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

27  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

28  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   nucleus of operative facts and arising out of the same transactions, are also brought under parallel

2   California law, whose goals are closely tied with the ADA, including but not limited to violations

3   of California Civil Code §51, et seq. and §54, et seq., California Health & Safety Code §19955 et

4   seq., including §19959; Title 24 California Building Standards Code.

5        4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

6   founded on the facts that the real property which is the subject of this action is located at/near

7   704 FOURTH STREET , in the City of San Rafael, County of Marin, State of California, and

8   that plaintiffs' causes of action arose in this county.

9   **PARTIES:**

10       5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

11  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

12  disabled", "physically handicapped" and "person with physical disabilities" are used

13  interchangeably, as these words have similar or identical common usage and legal meaning, but

14  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

15  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

16  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

17  CRAIG YATES  is a "person with physical disabilities", as defined by all applicable California

18  and United States laws.  Plaintiff is a Paraplegic. Plaintiff CRAIG YATES requires the use of a

19  wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a member of that

20  portion of the public whose rights are protected by the provisions of Health & Safety Code

21  §19955, et seq. (entitled "Access to Public Accommodations by Physically Handicapped

22  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

23  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

24  §12101, et seq.

25       6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

26  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

27  with persons with disabilities to empower them to be independent in American society.  DREES

28  accomplishes its goals and purposes through education on disability issues, enforcement of the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector. DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject LOTUS CUISINE OF INDIA, and that the interests of plaintiff DREES in removing architectural barriers at the subject restaurant advance the purposes of DREES to assure that all public accommodations, including the subject restaurant, are accessible to independent use by mobility-impaired persons. The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.    Defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as LOTUS CUISINE OF INDIA, located at/near 704 FOURTH STREET, San Rafael, California, or of the building and/or buildings which constitute said public accommodation.

9.    At all times relevant to this complaint, defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, own and operate in joint venture the subject LOTUS CUISINE OF INDIA as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, et seq., Health and Safety code §19955, et seq., and the ADA, 42 U.S.C. §12101, et seq.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    10.    At all times relevant to this complaint, defendants SURINDER P. SROA and

2    LINDA M. SROA; NAVJOTS are jointly and severally responsible to identify and remove

3    architectural barriers at the subject LOTUS CUISINE OF INDIA pursuant to Code of Federal

4    Regulations title 28, section 36.201(b), which states in pertinent part:

5    **§ 36.201        General**

6            (b) Landlord and tenant responsibilities. Both the landlord
     who owns the building that houses a place of public
7    accommodation and the tenant who owns or operates the place of
     public accommodation are public accommodations subject to the
8    requirements of this part.  As between the parties, allocation of
     responsibility for complying with the obligations of this part may
9    be determined by lease or other contract.

10    28 CFR §36.201(b)

11   **PRELIMINARY FACTUAL ALLEGATIONS:**

12    11.    The LOTUS CUISINE OF INDIA, is a restaurant, located at/near 704 FOURTH

13   STREET, San Rafael, California.  The LOTUS CUISINE OF INDIA, its entrance, dining area,

14   food counter, unisex restroom, and its other facilities are each a "place of public accommodation

15   or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.

16   On information and belief, each such facility has, since July 1, 1970, undergone "alterations,

17   structural repairs and additions", each of which has subjected the LOTUS CUISINE OF INDIA

18   and each of its facilities, its entrance, dining area, food counter, unisex restroom to disability

19   access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG),

20   and Title 24 of the California Code of regulations (Title 24).

21    12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

22    13.    At all times referred to herein and continuing to the present time, defendants, and

23   each of them, advertised, publicized and held out the LOTUS CUISINE OF INDIA as being

24   handicapped accessible and handicapped usable.

25    14.    On or about April 16, 2006, September 27, 2006, October 10, 2006, March 22,

26   2007, May 26, 2007 and June 21, 2007, plaintiff CRAIG YATES was an invitee and guest at the

27   subject LOTUS CUISINE OF INDIA, either by himself, with his son or a friend, for the purpose

28   of dining out.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.    On or about April 16, 2006, plaintiff CRAIG YATES attempted to independently open the primary door to the LOTUS CUISINE OF INDIA.  Plaintiff CRAIG YATES was unable to do so.  Plaintiff CRAIG YATES waited until a patron assisted him.  The problem was and is, that there was a ramp to the door with no level landing and no strike side edge.

16.    At said time and place, plaintiff CRAIG YATES ordered food.  However, the table was too low to allow plaintiff CRAIG YATES to comfortably sit at it.

17.    At said time and place, plaintiff CRAIG YATES needed to use a restroom.  The LOTUS CUISINE OF INDIA had a unisex restroom.  However, plaintiff CRAIG YATES was unable to use the lavatory because it was in a cabinet.

18.    On or about September 27, 2006, plaintiff CRAIG YATES returned to LOTUS CUISINE OF INDIA.  Plaintiff CRAIG YATES had to have assistance to enter the restaurant.  The dining table was too low.  Plaintiff CRAIG YATES needed to use the restroom.  The hallway to the unisex restroom was partially blocked with boxes and an employee coat rack.  The restroom door had excessive door pressure.  The lavatory was still in a cabinet and plaintiff noticed that the dispensers were too high.

19.    On or about October 4,2006, plaintiff wrote the landlord and tenant about the access issues.

20.    On or about October 10, 2006, plaintiff returned to LOTUS CUISINE OF INDIA.  Plaintiff CRAIG YATES encountered all of the architectural barriers as on the two prior visits.  On this occasion, plaintiff CRAIG YATES pounded on the door, and a waiter came and opened the door.  Plaintiff CRAIG YATES was seated.  On this occasion LOTUS CUISINE OF INDIA had an all you can eat specials.  Unfortunately, the food display and service counter was too high for convenient use by a wheelchair user.

21.    On or about March 22, 2007, plaintiff CRAIG YATES again dined at LOTUS CUISINE OF INDIA.  While access was promised, by the owner of LOTUS CUISINE OF INDIA, plaintiff CRAIG YATES could still not access the primary entrance.  A power door was not installed.  The tables were still too low.  Plaintiff CRAIG YATES used the unisex restroom.  The only change to the restroom was a pedestal sink.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22.    On or about April 4, 2007, plaintiff CRAIG YATES wrote the manager LOTUS CUISINE OF INDIA and again addressed the fact that LOTUS CUISINE OF INDIA still had not provided an accessible entrance, accessible tables and a fully accessible restroom.  Plaintiff CRAIG YATES did not receive a response.

23.    On or about May 26, 2007, plaintiff CRAIG YATES returned to LOTUS CUISINE OF INDIA.  Plaintiff CRAIG YATES encountered all of the same barriers as on all prior occasions, except for the pedestal sink in the unisex restroom or the food counter which was not in use.

24.    On or about June 21, 2007, plaintiff CRAIG YATES once again returned to LOTUS CUISINE OF INDIA.  Plaintiff CRAIG YATES encountered the same barriers he encountered on May 26, 2007.

25.    On or about all April 16, 2006, September 27, 2006, October 10, 2006, March 22, 2007, May 26, 2007 and June 21, 2007, when plaintiff CRAIG YATES attempted to use the unisex restroom, and then return to the dining area he encountered a slope/surface or ramp just before the door which leads to the dining area.  This caused plaintiff CRAIG YATES to stretch, stress and strain his right extremity causing pain.  Further, this hallway door which separates the dining room from the hallway and which leads to the unisex restroom was always locked by a slide bolt.  Each time plaintiff had to request that the door be opened.

26.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject LOTUS CUISINE OF INDIA which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

      a.    lack of directional signage to show accessible routes of travel, i.e., to the unisex restroom;

      b.    lack of an accessible entrance;

      c.    lack of an accessible dining area; 5% compliance requirement;

1          d.     lack of a handicapped-accessible unisex public restroom;

2          e.     lack of a proper food service counter;

3          f.     On personal knowledge, information and belief, other public facilities and
                  elements too numerous to list were improperly inaccessible for use by
4                 persons with physical disabilities.

5     27.    At all times stated herein, the existence of architectural barriers at defendants'

6  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

7  with the Americans with Disabilities Act of 1990 either then, now or in the future.

8     28.    On or about October 4, 2006 and April 4, 2007, defendant(s) were sent letters by

9  or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers,

10 requesting a response within two weeks and requesting remedial measures be undertaken within

11 90 days or an explanation of why the time limit set could not be met and/or extenuating

12 circumstances.  The operator of LOTUS CUISINE OF INDIA responded, that access would be

13 provided.  Other than removing the lavatory in the cabinet in the unisex restroom, no remedial

14 work was undertaken.  Said letters are attached hereto collectively as exhibit "A" and

15 incorporated by reference as though fully set forth herein.

16    29.    At all times stated herein, defendants, and each of them, were "negligent per se"

17 in not removing architectural barriers determined by the Department of Justice to be considered a

18 safety concern/safety hazard where it was readily achievable for said public accommodation to

19 remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36,

20 and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as

21 a legal result of defendants breach of duty to remove those barriers encountered by plaintiff,

22 plaintiff suffered bodily injury.

23    30.    As a legal result of defendants SURINDER P. SROA and LINDA M. SROA;

24 NAVJOTS's failure to act as a reasonable and prudent public accommodation in identifying,

25 removing or creating architectural barriers, policies, practices and procedures that denied access

26 to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

27    31.    As a further legal result of the actions and failure to act of defendants, and as a

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities. On or about April 16, 2006, September 27, 2006, October 10, 2006, March 22, 2007, May 26, 2007 and June 21, 2007 further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing hallway door and ramped surface, plaintiff CRAIG YATES suffered injury to his right upper extremity in attempting to open the door). Further, plaintiff CRAIG YATES suffered injury, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

32.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

33.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights to equal access to a public facility by defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, because defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance, dining area, food counter, unisex restroom , and other

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

34.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

35.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the LOTUS CUISINE OF INDIA to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the Lotus as a public facility.  Plaintiffs seek damages for violation of their civil rights on April 16, 2006, September 27, 2006, October 10, 2006, March 22, 2007, May 26, 2007 and June 21, 2007 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that plaintiff CRAIG YATES was deterred from returning to the Lotus because of his knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

36.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

37.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, et seq. and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the LOTUS CUISINE OF INDIA accessible to persons with disabilities.

38.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other restaurant and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

39.    Plaintiffs are informed and believe and therefore allege that defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, and each of them, caused the subject building(s) which constitute the LOTUS CUISINE OF INDIA to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the Lotus and were denied full and equal use of said public facilities. Furthermore, on information and belief, defendants have continued to maintain and operate said Lotus and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of restaurant and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the disability community which DREES serves. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

40.    On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the LOTUS CUISINE OF INDIA and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the LOTUS CUISINE OF INDIA accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the Lotus.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

41.    Plaintiff CRAIG YATES  and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, a California corporation, inclusive)
(42 U.S.C. §12101, *et seq.*)

42.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 41 of this complaint.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

43.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

44.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

45.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ...

(B) a restaurant, bar or other establishment serving food or drink;

42 U.S.C. §12181(7)(B)

46.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

47.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

48.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of LOTUS CUISINE OF INDIA pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

49.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

50.    On information and belief, construction work on, and modifications of, the subject building(s) of LOTUS CUISINE OF INDIA occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

51.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

52.   42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions".  Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about June 21, 2007, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

53.   Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

## II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, a California corporation, inclusive)
(California Civil Code §§54, 54.1, 54.3, et seq.)

54.   Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 53 of this complaint.

55.   At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

(a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    56.    California Civil Code §54.1 provides that persons with disabilities shall not be

2    denied full and equal access to places of public accommodation or facilities:

3            (a)(1) Individuals with disabilities shall be entitled to full
         and equal access, as other members of the general public, to
4        accommodations, advantages, facilities, medical facilities,
         including hospitals, clinics, and physicians' offices, and privileges
5        of all common carriers, airplanes, motor vehicles, railroad trains,
         motorbuses, streetcars, boats, or any other public conveyances or
6        modes of transportation (whether private, public, franchised,
         licensed, contracted, or otherwise provided), telephone facilities,
7        adoption agencies, private schools, hotels, lodging places, places of
         public accommodation, amusement or resort, and other places to
8        which the general public is invited, subject only to the conditions
         and limitations established by law, or state or federal regulation,
9        and applicable alike to all persons.

10        Civil Code §54.1(a)(1)

11    57.    California Civil Code §54.1 further provides that a violation of the Americans

12    with Disabilities Act of 1990 constitutes a violation of section 54.1:

13        (d) A violation of the right of an individual under the
         Americans with Disabilities Act of 1990 (Public Law 101-336)
14        also constitutes a violation of this section, and nothing in this
         section shall be construed to limit the access of any person in
15        violation of that act.

16        Civil Code §54.1(d)

17    58.    Plaintiff CRAIG YATES  and the membership of plaintiff DREES are persons

18    within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

19    the defendants, and each of them, as prescribed by §§54 and 54.1.  Each specific architectural

20    barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate

21    act in violation of §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal

22    access to defendants' LOTUS CUISINE OF INDIA.  As a legal result, plaintiffs are entitled to

23    seek damages pursuant to California Civil Code §54.3(a) for each day on which they visited or

24    have been deterred from visiting the Lotus because of their knowledge and belief that the

25    restaurant is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

26        Any person or persons, firm or corporation, who denies or
         interferes with admittance to or enjoyment of the public facilities
27        as specified in Sections 54 and 54.1 or otherwise interferes with
         the rights of an individual with a disability under Sections 54, 54.1
28        and 54.2 is liable for each offense for the actual damages and any

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

59.     On or about April 16, 2006, September 27, 2006, October 10, 2006, March 22, 2007, May 26, 2007 and June 21, 2007, plaintiff CRAIG YATES  suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff CRAIG YATES was denied access to entrance, dining area, food counter, unisex restroom and other public facilities as stated herein at the LOTUS CUISINE OF INDIA and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

60.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff CRAIG YATES on or about April 16, 2006, September 27, 2006, October 10, 2006, March 22, 2007, May 26, 2007 and June 21, 2007 suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing hallway door, ramp and locking device. Plaintiff CRAIG YATES stressed and strained his right upper extremity attempting to open the hallway door).  Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by

1  the defendants in violation of the subject laws, to use the public facilities hereinabove described

2  on a full and equal basis as other persons.

3      61.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

4  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

5  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

6  about April 16, 2006, September 27, 2006, October 10, 2006, March 22, 2007, May 26, 2007 and

7  June 21, 2007, and on a continuing basis since then, including statutory damages, a trebling of all

8  of actual damages, general and special damages available pursuant to §54.3 of the Civil Code

9  according to proof.

10      62.    As a result of defendants', and each of their, acts and omissions in this regard,

11  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

12  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

13  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

14  the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this

15  lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

16  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

17  plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

18  the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

19  party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

20      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

21  **III.  THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
    FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
22  (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS, ENFORCEMENT,
    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
23  benefit corporation and Against Defendants SURINDER P. SROA and LINDA M.
    SROA; NAVJOTS, a California corporation, inclusive)
24  (Health & Safety Code §19955, *et seq.*)

25

26      63.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

    the allegations contained in paragraphs 1 through 62 of this complaint.

27      64.    Health & Safety Code §19955 provides in pertinent part:

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1
2
3
4
5
6

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

7    65.    Health & Safety Code §19956, which appears in the same chapter as §19955,

8    provides in pertinent part, "accommodations constructed in this state shall conform to the

9    provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

10   Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

11   public accommodations constructed or altered after that date. On information and belief,

12   portions of the LOTUS CUISINE OF INDIA and/or of the building(s) were constructed and/or

13   altered after July 1, 1970, and substantial portions of the Lotus and/or the building(s) had

14   alterations, structural repairs, and/or additions made to such public accommodations after July 1,

15   1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part

16   5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or

17   additions per Health & Safety Code §19959.

18   66.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

19   Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

20   1982, Title 24 of the California Building Standards Code adopted the California State Architect's

21   Regulations and these regulations must be complied with as to any alterations and/or

22   modifications of LOTUS CUISINE OF INDIA and/or the building(s) occurring after that date.

23   Construction changes occurring prior to this date but after July 1, 1970 triggered access

24   requirements pursuant to the "ASA" requirements, the American Standards Association

25   Specifications, A117.1-1961. On information and belief, at the time of the construction and

26   modification of said building, all buildings and facilities covered were required to conform to

27   each of the standards and specifications described in the American Standards Association

28   Specifications and/or those contained in Title 24 of the California Building Standards Code.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

67.     Restaurants such as the LOTUS CUISINE OF INDIA  are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

68.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

69.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

70.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2  **IV.  FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
       EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
3      AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
       SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
       EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
5      benefit corporation, and Against Defendants SURINDER P. SROA and LINDA M.
       SROA; NAVJOTS, a California corporation, inclusive)
6      (Civil Code §51, 51.5)

7      71.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

8  the allegations contained in paragraphs 1 through 70 of this complaint.

9      72.    Defendants' actions and omissions and failure to act as a reasonable and prudent

10 public accommodation in identifying, removing and/or creating architectural barriers, policies,

11 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

12 Unruh Act provides:

13         This section shall be known, and may be cited, as the
           Unruh Civil Rights Act.

14         All persons within the jurisdiction of this state are free and
15     equal, and no matter what their sex, race, color, religion, ancestry,
       national origin, or **disability** are entitled to the full and equal
16     accommodations, advantages, facilities, privileges, or services in
       all business establishments of every kind whatsoever.

17         This section shall not be construed to confer any right or
18     privilege on a person that is conditioned or limited by law or that is
       applicable alike to persons of every sex, color, race, religion,
19     ancestry, national origin, or **disability.**

20         Nothing in this section shall be construed to require any
       construction, alteration, repair, structural or otherwise, or
21     modification of any sort whatsoever, beyond that construction,
       alteration, repair, or modification that is otherwise required by
22     other provisions of law, to any new or existing establishment,
       facility, building, improvement, or any other structure . . . nor shall
23     anything in this section be construed to augment, restrict, or alter in
       any way the authority of the State Architect to require construction,
24     alteration, repair, or modifications that the State Architect
       otherwise possesses pursuant to other . . . laws.

25         A violation of the right of any individual under the
26     Americans with Disabilities Act of 1990 (Public Law 101-336)
       shall also constitute a violation of this section.

27 As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

28 "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

73.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

74.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §42, *et seq*., as if repled herein.

75.     As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as hereinabove described, plaintiff CRAIG YATES  has suffered general damages, bodily injury on or about April 16, 2006, September 27, 2006, October 10, 2006, March 22, 2007, May 26, 2007

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  and June 21, 2007 (including, but not limited to, fatigue, stress, strain and pain in wheeling and

2  attempting to and/or transferring up, on, down, to, over, around and through architectural

3  barriers. Specifically, as a legal result of defendants negligence in the design, construction and

4  maintenance of the existing configuration of hallway elements, the sum total causing, plaintiff

5  CRAIG YATES injury to his right upper extremity in attempting to return to the dining area of

6  the restaurant). Further, plaintiff suffered emotional distress (all to plaintiff's damage according

7  to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG YATES and

8  DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of

9  actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as

10  well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if

11  deemed to be the prevailing party.

12  **PRAYER:**

13      Plaintiffs pray that this court award damages and provide relief as follows:

14  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
       **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
15       **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
       (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
16       EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
       corporation, and Against Defendants SURINDER P. SROA and LINDA M. SROA;
17       NAVJOTS, a California corporation, inclusive)
       (42 U.S.C. §12101, *et seq.*)

18

19      1.    For injunctive relief, compelling defendants SURINDER P. SROA and LINDA

20  M. SROA; NAVJOTS, inclusive, to make the LOTUS CUISINE OF INDIA, located at 704

21  FOURTH STREET, San Rafael, California, readily accessible to and usable by individuals with

22  disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

23  practice, eligibility criteria and procedures so as to afford full access to the goods, services,

24  facilities, privileges, advantages and accommodations being offered.

25      2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

26  the prevailing party; and

27      3.    For such other and further relief as the court may deem proper.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**
(On behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, a California corporation , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq*.)

1.    For injunctive relief, compelling defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, inclusive, to make the LOTUS CUISINE OF INDIA, located at 704 FOURTH STREET, San Rafael, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, a California corporation, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq*.)

1.    General and compensatory damages according to proof.

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ*.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, a California corporation, inclusive)
(Health & Safety code §19955, *et seq*.)

1.     For injunctive relief, compelling defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, inclusive, to make the LOTUS CUISINE OF INDIA, located at 704 FOURTH STREET, San Rafael, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

5.     Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, a California corporation, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.     Treble damages pursuant to Civil Code §52(a);

4.     For all costs of suit;

5.     Prejudgment interest pursuant to Civil Code §3291; and

6.     Such other and further relief as the court may deem just and proper.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
2  **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
3  **CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
   (On Behalf of Plaintiff CRAIG YATES, and Against Defendants SURINDER P. SROA and LINDA M. SROA; NAVJOTS, a California corporation, inclusive)
4  (California Civil Code §§51, 51.5, *et seq.*)

5    1.    General and compensatory damages to plaintiff CRAIG YATES according to

6  proof.

7

8  Dated: _7/10/07_ , 2007    THOMAS E. FRANKOVICH
                                *A PROFESSIONAL LAW CORPORATION*
9

10

11                                        By: _____
                                              THOMAS E. FRANKOVICH
                                        Attorneys for Plaintiffs CRAIG YATES and DISABILITY
12                                      RIGHTS ENFORCEMENT, EDUCATION,
                                        SERVICES:HELPING YOU HELP OTHERS, a California
13                                      public benefit corporation

14

15                          **DEMAND FOR JURY TRIAL**

     Plaintiffs hereby demand a jury for all claims for which a jury is permitted.
16
   Dated: _7/10/07_ , 2007    THOMAS E. FRANKOVICH
17                              *A PROFESSIONAL LAW CORPORATION*

18

19                                        By: _____
                                              THOMAS E. FRANKOVICH
20                                      Attorneys for Plaintiffs CRAIG YATES and
                                        DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
21                                      SERVICES:HELPING YOU HELP OTHERS, a California
                                        public benefit corporation
22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903


October 4, 2006


Manager
Lotus Cuisine of India
704 - 4th Street
San Rafael, CA 94981

Dear Manager:

I've been to the Lotus Cuisine of India a couple of times. As I use a wheelchair, I had problems
with the front door and the accessible restroom. I can't get into the restaurant on my own. The
problem is the ramp and the fact that there is no way to get to the door handle. I think you need
to put in a power door and a button. The problem with the restroom is that the sinks is in a
cabinet and you can't get to it and there are too many things like mops, trash cans and sweepers
that block the toilet.

I would really appreciate it if you would give me written assurance within the next two weeks
that you will take care of these problems within the next three months. I'd like a written
agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like
to come back to Lotus Cuisine of India once it's accessible to me. I may still come back before
you do the work just because I like the place. If there is some problem doing this please let me
know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to
do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and
Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046.
You can also get a hold of them at 1-800-949-4232 or (510) 285-5600. You can also get ADA
Regulations and Technical Assistance Materials by calling the government at 1-800-514-0301.
Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and
manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for
barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

October 4, 2006

Owner of Building for Lotus Cuisine of India
Lotus Cuisine of India
704 - 4th Street
San Rafael, CA 94981

Dear Owner of Building for Lotus Cuisine of India:

I've been to the Lotus Cuisine of India a couple of times. As I use a wheelchair, I had problems with the front door and the accessible restroom. I can't get into the restaurant on my own. The problem is the ramp and the fact that there is no way to get to the door handle. I think you need to put in a power door and a button. The problem with the restroom is that the sinks is in a cabinet and you can't get to it and there are too many things like mops, trash cans and sweepers that block the toilet.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Lotus Cuisine of India once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 or (510) 285-5600. You can also get ADA Regulations and Technical Assistance Materials by calling the government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903


April 4, 2007


Manager
Lotus Cuisine of India
704 - 4th Street
San Rafael, CA 94981


Dear Manager,

Let me introduce myself, my name is Craig Yates and I use a wheelchair. I wrote you a letter back on October 4, 2006 about the bathroom and the front door. You responded that you would take care of the bathroom and the front door.

I was just there on March 22, 2007 for dinner, and there is still no way to get in the front door, the tables are still too low and I bumped my legs against the table edge. The problems with the restroom are the trash can next to the toilet, the soap dispenser is too high, the mirror is too high, and the door to the restroom still has a knob and swings in against the wall making it very difficult to close the door.

I gave you the place to get the information in my last letter, but I will give it to you again so you can see what you need to do to fix these problems. Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 or (510) 285-5600 http://www.pacdbtac.org You can also get ADA Regulations and Technical Assistance Materials by calling the government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems, and when they will be fixed.

Thank You,

Craig Yates