Leonard A. Rifkind, State Bar No. 133971
Houman Chitsaz, State Bar No. 219469
RIFKIND CHITSAZ, LLP
790 Mission Avenue
San Rafael, California 94901
Telephone: 415.485.2200
Facsimile: 415.453.7605

Attorneys for Defendants
LOTUS CUISINE OF INDIA,
SURINDER P. SROA,
LINDA M. SROA, and NAVJOTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, A California pubic benefit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> LOTUS CUISINE OF INDIA: SURINDER P. SROA and LINDA M. SROA: NAVJOTS, a California corporation, <br><br> Defendants. | Case No. C07-3889-WDB <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** <br><br> **DEMAND FOR JURY** |

COMES NOW Defendants LOTUS CUISINE OF INDIA, SURINDER P. SROA, LINDA M. SROA, and NAVJOTS, a California corporation (hereinafter collectively referred to as "Defendants") and Answer the complaint on file herein as follows:

### INTRODUCTION

1. Answering Defendants deny Paragraph 1 of the complaint on lack of information or belief.

-1-

2. Answering Defendants deny Paragraph 2 of the complaint on lack of information or belief.

## JURISDICTION AND VENUE

3. Answering Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1331; except as so admitted, answering Defendants deny the remaining allegations of Paragraph 3.

4. Answering Defendants admit the allegations of Paragraph 4.

## PARTIES

5. Answering Defendants deny the allegations of Paragraph 5 on lack of information or belief.

6. Answering Defendants deny the allegations of Paragraph 6 on lack of information or belief.

7. Answering Defendants deny the allegations of Paragraph 7 on lack of information or belief.

8. Answering Defendants admit the allegations of Paragraph 8 that SURINDER P. SROA and LINDA M. SROA, and NAVJOTS are the owners and operators of the public accommodation known as LOTUS CUISINE OF INDIA. located at/near 704 Fourth Street, San Rafael, California.

9. Answering Defendants admit that Defendants SURINDER P. SROA and LINDA M. SROA, and NAVJOTS own and operate in joint venture the subject LOTUS CUISINE OF INDIA as a public accommodation. Answering Defendants admit that this business is open to the general public and conducts business therein. Answering Defendants admit that this business is a public accommodation. Answering Defendants deny the remaining allegations of Paragraph 9 on lack of information or belief.

10. Answering Defendants admit that Plaintiffs purport to quote from CFR § 36.201(b), and deny the remaining allegations of Paragraph 10 based on lack of information or belief.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## IV. PRELIMINARY FACTUAL ALLEGATIONS

11. Defendants admit that the LOTUS CUISINE OF INDIA is a restaurant located at 704 Fourth Street, San Rafael, California. SURINDER P. SROA, LINDA M. SROA and NAVJOTS admit ownership of LOTUS CUISINE OF INDIA. Answering Defendants deny the remaining allegations of Paragraph 11 on lack of information or belief.

12. Answering Defendants deny Paragraph 12 on lack of information or belief.

13. Answering Defendants deny the allegations of Paragraph 13.

14. Answering Defendants deny the allegations of Paragraph 14 on lack of information or belief.

15. Answering Defendants deny the allegations of Paragraph 15 on lack of information or belief.

16. Answering Defendants deny the allegations of Paragraph 16 on lack of information or belief.

17. Answering admit that the LOTUS CUISINE OF INDIA has a unisex bathroom for handicapped patrons and deny the remaining allegations of Paragraph 17 on lack of information or belief.

18. Answering Defendants deny the allegations of Paragraph 18 on lack of information or belief.

19. Answering Defendants admit that on or about October 4, 2006, Plaintiff wrote the manager of LOTUS CUISINE OF INDIA about the access issues. Answering Defendants deny the remaining allegations of Paragraph 19 on lack of information or belief. Defendant only received one letter from Plaintiff, which was dated October 4, 2006 and addressed to the Manager.

20. Answering Defendants deny the allegations of Paragraph 20 on lack of information or belief.

21. Answering Defendants deny that access was promised by the owners of LOTUS CUISINE OF INDIA and admit that a power door was not installed. Answering Defendants admit that they took out a cabinet below the pedestal sink to the restroom and deny the

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

remaining allegations of Paragraph 21 on lack of information or belief.

22. Answering Defendants deny the allegations of Paragraph 22 on lack of information or belief. Defendants never received an April 4, 2007 letter from Plaintiff.

23. Answering Defendants deny the allegations of Paragraph 23 on lack of information or belief.

24. Answering Defendants deny the allegations of Paragraph 24 on lack of information or belief.

25. Answering Defendants deny the allegations of Paragraph 25 on lack of information or belief.

26. Answering Defendants deny the allegations of Paragraph 26 on lack of information or belief.

27. Answering Defendants deny the allegations of Paragraph 27.

28. Answering Defendants admit that they received one October 4, 2006 letter addressed to the Manager. Answering Defendants allege that the writing which compromise correspondence speaks for itself. Answering Defendants deny that they promised that access would be provided. Answering Defendants deny the remaining allegations of Paragraph 28 on lack of information or belief.

29. Answering Defendants deny the allegations of Paragraph 29.

30. Answering Defendants deny the allegations of Paragraph 30 on lack of information or belief.

31. Answering Defendants deny the remaining allegations of Paragraph 31 on lack of information or belief.

32. Answering Defendants deny the allegations of Paragraph 32.

33. Answering Defendants deny the allegations of Paragraph 33.

34. Answering Defendants deny the allegations of Paragraph 34 on lack of information or belief.

35. Answering Defendants deny that Plaintiffs were deterred from returning to the LOTUS CUISINE OF INDIA premises as alleged in Paragraph 35 and deny that this is an

appropriate case for injunctive relief, damages or penalties in the amounts alleged or at all.

36. Answering Defendants deny the allegations of Paragraph 36.

37. Answering Defendants deny that the premises which are the subject matter of this complaint affect accessibility at any other premises and deny that mandatory orders against Answering Defendants are appropriate in this action, as alleged in Paragraph 37 of this complaint.

38. Answering Defendants deny the allegations of Paragraph 38 of the complaint and specifically deny that this is an appropriate case for punitive or exemplary damages or statutory trebling of damages, or for any other form of penalty damages.

39. Answering Defendants deny the allegations of Paragraph 39.

40. Answering Defendants acknowledge receipt of an October 4, 2006 letter addressed to the Manager of LOTUS CUISINE OF INDIA from Plaintiff CRAIG YATES and deny the remaining allegations of Paragraph 40 of the complaint. Answering Defendants specifically deny that this is an appropriate case for imposition of additional statutory damages under the California Civil Code.

41. With respect to Plaintiffs themselves, answering Defendants deny the allegations of Paragraph 41 on lack of information or belief, and affirmatively allege that disabled persons can and do have access to and use LOTUS CUISINE OF INDIA premises.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

42. Answering Defendants incorporate their Answers to Paragraph 1 through 41 as though fully set forth below.

43. Answering Defendant admits that, in Paragraph 43, Plaintiffs purport to set forth congressional findings with respect to the Americans with Disabilities Act.

44. Answering Defendant admits that, in Paragraph 44, Plaintiffs purport to set forth a congressional statement of purpose in passing the Americans with Disabilities Act.

45. Answering Defendants admit that, in Paragraph 45, Plaintiffs purport to set forth definitions from the Americans with Disabilities Act of 1990.

-5-

46. Answering Defendants admit Paragraph 46.

47. Answering Defendants admit that Plaintiffs purport to set forth prohibited forms of disability discrimination from the Americans with Disabilities Act. Except as so admitted, answering Defendants deny the allegations of Paragraph 47.

48. Answering Defendants deny the allegations of Paragraph 48.

49. Answering Defendants admit that Plaintiffs purport to quote from definitional terms of "readily achievable" in Paragraph 49 of the Complaint. Except as so admitted, Answering Defendants deny the remaining allegations of Paragraph 49.

50. Answering Defendants deny the allegations of Paragraph 50.

51. Answering Defendants deny the allegations of Paragraph 51.

52. Answering Defendants admit that Plaintiffs purport to quote certain provisions of the American with Disabilities Act in Paragraph 52, but deny the remaining allegations of said paragraph and affirmatively allege that the circumstances of this case are not appropriate for injunctive relief.

53. Answering Defendants deny the allegations of Paragraph 53 and specifically deny that Plaintiffs are entitled to recovery of attorney's fees.

## II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE

54. Answering Defendants incorporate their answers to Paragraph 1 through 53 of the complaint as though fully set forth herein.

55. Answering Defendants admit the allegations of Paragraph 55.

56. Answering Defendants admit the allegations of Paragraph 56.

57. Answering Defendants admit the allegations of Paragraph 57.

58. Answering Defendants admit that that Paragraph 58 of the complaint purports to quote from California Civil Code § 54.3(a). Answering Defendants deny the remaining allegations of Paragraph 58 on lack of information or belief and specifically deny that Plaintiffs are entitled to damages under California Civil Code §54.3(a).

59. Answering Defendants deny the allegations of Paragraph 59 on lack of

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

information or belief.

60. Answering Defendants deny the allegations of Paragraph 60 on lack of information or belief.

61. Answering Defendants deny the allegations of Paragraph 61 and deny that Plaintiffs are entitled to statutory damages, treble damages, general or specific damages, or any damages at all.

62. Answering Defendants deny the allegations of Paragraph 62 on lack of information or belief. Answering Defendants specifically deny that Plaintiffs are entitled to attorney's fees whether pursuant to the California Civil Code or public interest fees pursuant to the California Code of Civil Procedure or otherwise.

### III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE SECTION 19955

63. Answering Defendants incorporate their answers to Paragraphs 1 through 62 as though fully set forth herein.

64. Answering Defendants admit that in Paragraph 64 of the Complaint, Plaintiffs purport to quote from Health & Safety Code §19955.

65. Answering Defendants admit that the language of Health & Safety Code § 19956 is as quoted in Paragraph 65, but deny the remaining allegations purporting to assert that said code section applies to the premises and circumstances as to which Plaintiffs complain.

66. Answering Defendants deny the factual allegations of Paragraph 66 in the application of the quoted code section to the premises.

67. Answering Defendants admit the allegations of Paragraph 67.

68. Answering Defendants deny the allegations of Paragraph 68.

69. Answering Defendants deny the allegations of Paragraph 69 and deny that Plaintiffs are entitled to attorney's fees or other litigation costs under the statutes cited in Paragraph 69, or otherwise.

70. Answering Defendants deny that injunctive relief sought under Paragraph 70 of

the complaint is available or appropriate in the circumstances of this case.

### IV. FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES, AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51

71. Answering Defendants incorporate their answers to Paragraphs 1 through 70 as though fully set forth herein.

72. Answering Defendants that Paragraph 72 of the complaint purports to quote provisions of California Civil Code § 51. Answering Defendants deny the remaining allegations of said Paragraph.

73. Answering defendants deny the factual allegations of Paragraph 73 of the complaint.

74. Answering Defendants deny the factual allegations of Paragraph 74; further, answering Defendants incorporate their responses to Plaintiffs' First Cause of Action in response to the incorporated alleged ADA violation asserted in Paragraph 74.

75. Answering Defendants deny the allegations of Paragraph 75 on lack of information or belief.

**WITHOUT WAIVING THE FOREGOING ANSWER, ANSWERING DEFENDANTS ASSERT AFFIRMATIVE DEFENSES AS FOLLOWS:**

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiffs have failed to state a claim against answering Defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Answering Defendants are informed and believe, and therefore allege, that Plaintiffs have failed to mitigate damages, if any there were, although they had reasonable opportunity to do so.

**THIRD AFFIRMATIVE DEFENSE**

3. Answering Defendants are informed and believe, and therefore allege, that Plaintiffs' injuries, if any, were directly and legally caused by the acts or omissions, or both, of

persons, firms, or entities other than answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs have failed to pursue their administrative remedies required before filing any action.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' allegations fail to support a claim for punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

7. Answering Defendants are informed and believe, and therefore allege, that Plaintiffs' complaint, and each claim contained therein, fails as a matter of law because Plaintiffs failed to give answering Defendants sufficient notice of their presently stated claim of need for accommodation or assistance.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' attorney's fees are unnecessary and unreasonable as Plaintiffs made insufficient communications to answering Defendants about the specific allegations contained in the complaint before Plaintiffs filed suit against answering Defendants.

## NINTH AFFIRMATIVE DEFENSE

9. On information or belief, Plaintiffs lack standing.

## TENTH AFFIRMATIVE DEFENSE

10. Each cause of action purported to be alleged in the complaint against these answering Defendants is barred in whole or in part by the applicable statutes of limitations including, but not limited to, Code of Civil Procedure sections 337, 338, 339, 340 and 343.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants allege that this action is not ripe for adjudication, in that that the condition precedent to bringing the action was not met.

## TWELFTH AFFIRMATIVE DEFENSE

12. The Court has no jurisdiction of the subject of the cause of action alleged in the

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. At the time of the incident alleged in Plaintiff's complaint, Plaintiffs failed to exercise reasonable or ordinary care such that the injuries and damages allegedly sustained by Plaintiffs were proximately caused or contributed to by Plaintiffs' own negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs are not entitled to the relief requested in the complaint because such relief would work a substantial hardship on the defendant relative to the benefit Plaintiffs would gain by the relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Any claim for punitive damages or exemplary damages is barred by the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and by Article 1 of the Constitution of California; California Civil Code Section 3294 is invalid on its face and/or as applied to Defendants in this action, because it contravenes rights guaranteed to Defendants under the aforesaid Amendments and Constitutions.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiffs cannot prove any facts showing that the conduct of this answering defendant was the cause in fact of any alleged injuries or damages suffered by Plaintiffs as alleged in the complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. The actions complained of were made without malice or wrongful intent on the part of Defendants and in a reasonable and good faith belief of its legal right to perform the actions complained of.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Discovery has not yet been completed and Defendants reserve the right to assert any affirmative defenses which may appropriate, whether such affirmative defenses are raised herein or not.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## JURY DEMAND

Answering Defendants demand trial by jury.

WHEREFORE. Defendant requests that:

(1)  Plaintiffs take nothing by this action:

(2)  A judgment of dismissal be entered in favor of Defendants;

(3)  Defendants be awarded the costs of suit incurred; and

(4)  Defendants be awarded any other and further relief the Court considers proper.

Dated:  October 5, 2007         RIFKIND CHITSAZ, LLP

By:  _____
Leonard A. Rifkind

Attorneys for Defendants
LOTUS CUISINE OF INDIA, SURINDER P. SROA, LINDA M. SROA, and NAVJOTS

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# PROOF OF SERVICE

I declare that I am over the age of eighteen years and am not a party to the action; I am employed in, or am a resident of the County of Marin, California. My business address is 790 Mission Avenue, San Rafael, California, 94901. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in this declaration.

On October 5, 2007, I served the within documents:

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

___ by transmitting via facsimile the above listed document(s) to the fax numbers set forth below on this date before 5:00 p.m.

_X_ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail, at San Rafael, California, addressed as set forth below.

___ by causing overnight delivery by FedEx the document(s) listed above to the person(s) at the address(es) set forth below.

___ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Thomas E. Frankovich, Esq.
Thomas E. Frankovich, A Professional Law Corporation
2806 Van Ness Avenue
San Francisco, CA 94109

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 5, 2007, at San Rafael, California.

Shahrlar Amir-Alaghmand

-12-

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES